UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WESLEY C. DAVIS                                                                                          PLAINTIFF

v.                                              No. 2:22-CV-02005

JOHN THURSTON, Arkansas
Secretary of State                                                                                       DEFENDANT

**OPINION AND ORDER**

Currently before the court is Plaintiff Wesley C. Davis's motion for leave to submit a supplemental complaint (Doc. 20). Defendant John Thurston filed a response in opposition (Doc. 23), and Mr. Davis filed a reply (Doc. 24). Also before the court is Mr. Thurston's motion for judgment on the pleadings (Doc. 16), accompanied by a brief in support (Doc. 17). That motion is also fully briefed, with a response in opposition (Doc. 18) from Mr. Davis and a reply by Mr. Thurston (Doc. 19). As explained below, Mr. Davis's motion to supplement will be GRANTED, rendering Mr. Thurston's motion for judgment on the pleadings MOOT.

Mr. Davis initiated this lawsuit by filing a *pro se* complaint (Doc. 1) on January 5, 2022. His complaint concerns various procedural requirements that candidates for elected office in Arkansas must satisfy, including filing fees and signature-gathering requirements. Mr. Davis claims that some of these requirements are so exorbitant and onerous that they violate the Equal Protection Clause of the United States Constitution's Fourteenth Amendment. He seeks injunctive relief against Mr. Thurston, Arkansas's Secretary of State, who is the official responsible for administering Arkansas's election laws.

Mr. Thurston filed a motion for judgment on the pleadings on February 8, 2022. Mr. Thurston's motion seeks dismissal of Mr. Davis's complaint for three independent reasons. First, Mr. Thurston contends that Mr. Davis lacks standing to bring this lawsuit because the complaint

1

does not allege that Mr. Davis has personally suffered any concrete injury caused by the Defendant's conduct. Second, Mr. Thurston argues that the complaint pleads insufficient facts to support Mr. Davis's claim that the requirements at issue are "exorbitant." Finally, Mr. Thurston argues that, regardless, Arkansas's current ballot-qualification requirements are within the boundaries of what the Eighth Circuit has previously upheld as constitutional.

After the parties exchanged additional briefing on Mr. Thurston's motion, Mr. Davis filed a motion for leave to submit a supplemental complaint under Federal Rule of Civil Procedure 15(d). That Rule authorizes this Court, "on just terms," to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Mr. Davis's motion explains that on February 22, 2022, he went to the Arkansas State Capitol in Little Rock and sought certification as a Republican candidate in the 2022 primary election for the Arkansas State House of Representatives from District 48. He further claims that the Executive Director of the Arkansas Republican Party then asked him to pay the Party's $3,000 filing fee. After Mr. Davis responded that he could not afford to pay that amount, he alleges that he was denied certification because of his inability to pay.

Mr. Thurston opposes Mr. Davis's motion on the grounds that his requested supplementation would be futile, in that it would not cure all the deficiencies asserted in Mr. Thurston's motion for judgment on the pleadings. The Court, for its part, is unsure whether Mr. Davis's motion merely seeks to provide factual elaboration on the claims asserted in his original complaint, or whether Mr. Davis also seeks to substantively amend his claims by narrowing the scope of his challenge to a smaller subset of the procedural hurdles identified in his original

complaint.[1]  Given its obligation to construe *pro se* filings "liberally," *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court believes the most prudent course here is to grant Mr. Davis's motion for supplementation, and to direct him to file an amended complaint within fourteen days of this order's entry.  Since Mr. Davis will be filing an amended complaint, that renders Mr. Thurston's motion for judgment on the pleadings moot.  *See Pure Cnty., Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).  Mr. Thurston will be required to respond to Mr. Davis's amended pleading within fourteen days of its filing.  *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time."); *cf. id.* at 15(a)(3) ("[A]ny required response to an amended pleading must be made . . . within 14 days after service of the amended pleading . . . .").

The Court's order that Mr. Davis file an "amended" complaint, as opposed to a "supplemental" complaint, should not be interpreted as limiting or channeling the scope of relief that Mr. Davis may seek in that filing.  The Court's only purpose here is to require Mr. Davis to file a single comprehensive and unified pleading that clarifies what relief he is now seeking and what facts he is alleging in support of his claims.  Mr. Davis may assert claims in his amended complaint that are as broad or as narrow as he believes are warranted, but he should take care to support those claims with factual allegations in the same document (including the facts that he sought leave to provide in his motion to supplement).  Likewise, by granting this relief the Court does not mean to rule one way or another on any of the arguments raised in Mr. Thurston's motion

---

[1] The Court notes Mr. Davis's insistence in his reply that he "is not seeking Motion for Leave to Amend his Complaint," and that "rather, Mr. Davis is motioning the court to supplement his complaint."  (Doc. 24, p. 2).  But Mr. Davis's *pro se* status and the context surrounding that statement in his reply leaves the Court uncertain of what significance Mr. Davis attaches to this distinction.

for judgment on the pleadings. After Mr. Davis files his amended complaint, Mr. Thurston may renew any of those arguments in another Rule 12 motion if he believes they remain viable.

IT IS THEREFORE ORDERED that Plaintiff Wesley C. Davis's motion for leave to submit a supplemental complaint (Doc. 20) is GRANTED, which renders Defendant John Thurston's motion for judgment on the pleadings (Doc. 16) MOOT.

IT IS FURTHER ORDERED that Mr. Davis must file an amended complaint **on or before April 7, 2022**, and that Mr. Thurston's deadline to respond will be **fourteen days from when the amended complaint is filed**.

IT IS SO ORDERED this 24th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE